**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DANIEL RIBOWO, | No. 11-70952 |
| Petitioner, | Agency No. A078-020-413 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 15, 2013**

Before:      SILVERMAN, BEA, and NGUYEN, Circuit Judges.

Daniel Ribowo, a native and citizen of Indonesia, petitions for review of the

Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's decision denying his application for asylum, withholding of

removal, and relief under the Convention Against Torture ("CAT"). We have

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 8 U.S.C. § 1252.  We review for substantial evidence the agency's factual findings, *Wakkary v. Holder*, 558 F.3d 1049, 1056 (9th Cir. 2009), and we deny the petition for review.

Ribowo does not contest the BIA's finding that he failed to show past persecution.  *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259-60 (9th Cir. 1996) (issues not supported by argument are deemed waived).  As to future fear, substantial evidence supports the BIA's conclusion that even under a disfavored group analysis, Ribowo has not demonstrated sufficient individualized risk of persecution to establish eligibility for asylum or withholding of removal.  *See Halim v. Holder*, 590 F.3d 971, 979 (9th Cir. 2009); *see also Wakkary*, 558 F.3d at 1066.  We reject Ribowo's contentions that the BIA applied the incorrect standard to his asylum claim and that the BIA did not adequately consider his claim under a disfavored group analysis.  We do not address Ribowo's contentions regarding the one year time bar because the BIA did not make any findings on this issue.  Accordingly, Ribowo's asylum and withholding of removal claims fail.

Finally, substantial evidence supports the BIA's finding that Ribowo did not establish it is more likely than not he will be tortured if returned to Indonesia.  *See Zheng v. Holder*, 644 F.3d 829, 835-36 (9th Cir. 2011).  We reject Ribowo's contention that the BIA's analysis of his CAT claim was inadequate.  *See*

*Fernandez v. Gonzales*, 439 F.3d 592, 603 (9th Cir. 2006) (petitioner did not

overcome the presumption that the BIA reviewed the record).

**PETITION FOR REVIEW DENIED.**